IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT DOUGLAS HINSHAW,

    Plaintiff,

    v.                                      CASE NO. 18-3081-SAC

SIDNEY R. THOMAS, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Ford County Jail in Dodge City, Kansas. Plaintiff names as Defendants: District Court Judge Sidney R. Thomas; District Court Judge Van Z. Hampton; Assistant District Attorney Kathleen Neff; and Assistant District Attorney Clay A. Kuhns. Although Plaintiff's allegations are confusing and conclusory, they appear to involve his arrest and state court proceedings. Plaintiff alleges that "several years ago" he was "tazed in the middle of the night on [his] bed." Plaintiff alleges he later requested police protection from police brutality and was arrested for disorderly conduct, which was dismissed by the appeal court. Plaintiff claims he has attempted to report numerous crimes, only to have the police show up at his home saying that they do not work for him, and that he is harassing the police. Plaintiff takes issue with his arrest and ongoing state criminal proceedings, including charges for giving a false alarm and harassment.

Plaintiff alleges "theft by deception, slavery, sedition, communism, treason, invasion of privacy" and various constitutional violations. Plaintiff seeks damages of "fifty billion dollars bullion" for irreparable damages; "nine million dollars bullion" for 9 rights violated by public

servants; "a passport to a country of [his] choice to flee the corrupt law, courts and tyrant Government so to restore [his] peace and dignity of a life time of communism and deceit of public offices/officials/servants"; and "life imprisonment for all conspirators involved." (Doc. 1, at 6.)

On April 20, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), ordering Plaintiff to show cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's responses to the MOSC. (Docs. 6, 7.) Plaintiff's responses mainly reference his state court criminal proceedings. Although his allegations are confusing, they mostly reflect Plaintiff's disagreement with being referred to as the defendant in his state criminal proceedings. He alleges that he is not the "AKA defendant" or a surety for the defendant, and sets forth various conversations with state court judges, lawyers, and others, whereby he refuses to answer or respond for "the defendant." However, his responses fail to address any of the deficiencies set forth in the MOSC.[1]

In the MOSC, the Court noted that Plaintiff's instant case includes claims substantially similar to those he recently raised in *Hinshaw v. Hampton*, Case No. 17-3129-SAC (D. Kan.). The Court dismissed that case on January 23, 2018, for failure to state a claim. *Id*. at Doc. 29. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir. 2015) (unpublished) (citing *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and brackets omitted)). The Court finds that Plaintiff has failed to address any

---

[1] To the extent Plaintiff suggests that the undersigned should recuse, the Court notes that Plaintiff has not filed a proper motion to recuse, nor has he set forth any justification for recusal.

of the deficiencies set forth in the MOSC, and that this case is frivolous and fails to state a claim for relief. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **dismissed** as frivolous and for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 14th day of August, 2018.**

<u>**S/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**